Memorandum. The order of the Appellate Division should he affirmed. The lease between the parties was in existence on May 12, 1969, the effective date of the Bent Stabilization Law, and provided, at its expiration on February 29, 1972; for an extension of the term on a month-to-month basis unless the appellant landlord made a $2,000 payment to the tenant in the event he vacated the premises upon a conditionally abbreviated notice. The case of Edward Tarr, Inc. v. Phoenix Pub. (1 A D 2d 189, affid. 1 N Y 2d 870) is not supportive of appellant landlord’s demand for summary removal of the tenant. In that case and in settlement of a summary proceeding the landlord and tenants executed a stipulation by which it was agreed that the landlord be entitled to an order for the possession of the premises; that the landlord pay the tenants $1,500 immediately after their removal; and that general releases ibe executed by the parties. In other words, the tenants in Tarr, in exchange for a valuable consideration furnished by their landlord, entered into, an agreement to vacate the premises. Such certainly was not the case. in the instanf" proceeding because the lease simply permitted the landlord, to exercise an option to terminate the tenancy upon certain conditions. If the landlord had done nothing when the term ended, and if the Bent Stabilisation Law had not been enacted during the term of the lease, a month-to-month tenancy would have evolved,
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke, concur.
Order affirmed, with costs, in a memorandum.